UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION


MILLENNIUM PHARMACY SYSTEMS, LLC
f/k/a Millennium Pharmacy Systems, Inc.
d/b/a PharMerica

                            Plaintiff,                      **COMPLAINT**

v.

MAPA OPERATING, LLC                          Case No. _____

      Serve: c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

MAPA MANAGEMENT COMPANY, LLC

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

MIMA HEALTHCARE LLC

      Serve:  c/o Mordechai Treff
      Registered Agent
      3025 Chapel Avenue W
      Cherry Hill, NJ 08701

CARE PAVILION OPERATING, LLC
d/b/a Care Pavilion Nursing & Rehabilitation Center

      Serve: c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

CLIVEDEN OPERATING, LLC
d/b/a Cliveden Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

*additional Defendants on next page*

MAPLEWOOD OPERATING, LLC
d/b/a Maplewood Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

MILTON OPERATING, LLC
d/b/a Milton Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

PARKHOUSE OPERATING, LLC
d/b/a Parkhouse Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

TUCKER OPERATING, LLC
d/b/a Tucker House Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

WATSONTOWN OPERATING, LLC
d/b/a Watsontown Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

YORK OPERATING, LLC
d/b/a York Nursing & Rehabilitation Center

      Serve:  c/o Registered Agent
      6212 Walnut Street
      Philadelphia, PA 19139

            Defendants.

      Plaintiff, Millennium Pharmacy Systems, LLC f/k/a Millennium Pharmacy Systems, Inc.

d/b/a PharMerica ("PharMerica"), states as follows for its Complaint against defendants, MAPA

Operating, LLC ("MAPA Operating");   MAPA Management Company, LLC ("MAPA Management");   MIMA Healthcare LLC ("MIMA Healthcare");   (collectively, MAPA Operating, MAPA Management, and MIMA Healthcare are the "**Management Defendants**"); Care Pavilion Operating, LLC d/b/a Care Pavilion Nursing & Rehabilitation Center ("Care Pavilion");   Cliveden Operating, LLC d/b/a Cliveden Nursing & Rehabilitation Center ("Cliveden");   Maplewood Operating, LLC d/b/a Maplewood Nursing & Rehabilitation Center ("Maplewood");   Milton Operating, LLC d/b/a Milton Nursing & Rehabilitation Center ("Milton");   Parkhouse Operating, LLC d/b/a Parkhouse Nursing & Rehabilitation Center ("Parkhouse");   Tucker Operating, LLC d/b/a Tucker House Nursing & Rehabilitation Center ("Tucker House");   Watsontown Operating, LLC d/b/a Watsontown Nursing & Rehabilitation Center ("Watsontown");   and York Operating, LLC d/b/a York Nursing & Rehabilitation Center ("York") (collectively, Care Pavilion, Cliveden, Maplewood, Milton, Parkhouse, Tucker House, Watsontown, and York are the "**Facility Defendants**") (collectively, Management Defendants and Facility Defendants are the "**Defendants**"):

## NATURE OF THE ACTION

1.     This action arises out of Facility Defendants' failure to pay PharMerica for pharmacy-related goods and services provided by PharMerica to Facility Defendants for the residents of skilled nursing facilities (the "Facilities"[1]) operated, managed, and owned, directly

---

[1] The Facilities are located at:
6212 Walnut Street, Philadelphia, PA 19139 (the "Care Pavilion Facility");
6400 Greene Street, Philadelphia, PA 19119 (the "Cliveden Facility");
125 W. Schoolhouse Lane, Philadelphia, PA 19144 (the "Maplewood Facility");
743 Mahoning Street, Milton, PA 17847 (the "Milton Facility");
1600 Black Rock Road, Royersford, PA 19468 (the "Parkhouse Facility");
1001 Wallace Street, Philadelphia, PA 19123 (the "Tucker House Facility");
245 E. 8th Street, Watsontown, PA 17777 (the "Watsontown Facility");
7101 Old York Road, Philadelphia, PA 19126 (the "York Facility").

or indirectly, by Defendants.  Management Defendants have prevented Facility Defendants from paying PharMerica for those pharmacy-related goods and services.

## THE PARTIES

2.      PharMerica is a Delaware limited liability company.   Its sole member is Pharmacy Corporation of America, a California corporation with its principal place of business in Louisville, Kentucky.   For diversity purposes, PharMerica is a citizen of California and Kentucky.

### *Management Defendants*

3.      MAPA Operating is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, MAPA Operating is a citizen of New York.

4.      MAPA Management is a Pennsylvania limited liability company.   Upon information and belief, its members are citizens of New York.  For diversity purposes, MAPA Management is a citizen of New York.

5.      MIMA Healthcare is a New Jersey limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, MIMA Healthcare is a citizen of New York.

### *Facility Defendants*

6.      Care Pavilion is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Care Pavilion is a citizen of New York.

7.      Cliveden is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Cliveden is a citizen of New York.

4

8.      Maplewood is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Maplewood is a citizen of New York.

9.      Milton is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Milton is a citizen of New York.

10.     Parkhouse is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Parkhouse is a citizen of New York.

11.     Tucker House is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Tucker House is a citizen of New York.

12.     Watsontown is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, Watsontown is a citizen of New York.

13.     York is a Pennsylvania limited liability company.  Upon information and belief, its members are citizens of New York.  For diversity purposes, York is a citizen of New York.

### JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

15.     This Court has personal jurisdiction over Defendants because they transact business in Pennsylvania.

16.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a portion of the events or omissions giving rise to PharMerica's claims in this action occurred in this judicial district.

### STATEMENT OF FACTS

*The Agreements*

17.     Beginning in or around June 2017, PharMerica and Facility Defendants reached oral agreements pursuant to which PharMerica agreed to provide pharmacy-related goods and services to residents of the Facilities, and Facility Defendants agreed to pay PharMerica for those goods and services.  PharMerica and Facility Defendants agreed on all essential terms, including the pharmacy-related goods and services to be provided and the pricing structure for such goods and services.

18.     Consistent with the parties' agreements, Facility Defendants commenced performance by periodically submitting written orders to PharMerica for pharmacy-related goods and services.  PharMerica performed under the agreements by filling those orders and delivering the ordered pharmacy-related goods and services to the Facilities.  Facility Defendants received and accepted PharMerica's deliveries of those pharmacy-related goods and services and otherwise retained the goods and services for use by the Facilities' residents.

19.     PharMerica submitted detailed written monthly invoices to Facility Defendants for the pharmacy-related goods and services provided, which contained the letterhead of PharMerica and the quantity and price terms for the goods and services provided.

20.     The prices listed on the invoices for the goods and serviced provided by PharMerica were in accordance with the pricing to which PharMerica and Facility Defendants agreed.  PharMerica's invoices were to be paid within thirty (30) days of the date of the invoice.

6

21.     Facility Defendants received those invoices and did not object to the invoice charges or the pricing therein.  Instead, Facility Defendants paid some invoices and promised to make further payments on the invoices.  PharMerica relied on those promises in continuing to provide pharmacy-related goods and services to Facility Defendants.

22.     PharMerica performed all obligations required of it under the parties' agreements, and otherwise satisfied all conditions for payment by Facility Defendants.

*Management and Control of Facility Defendants*

23.     Based upon a combination of nursing home licensure applications, costs reports,[2] and other public filings,[3] at all times relevant, Management Defendants are believed to have ultimately owned, managed, operated, or otherwise controlled Facility Defendants.

24.     Based upon PharMerica's own correspondence with Defendants, Management Defendants are believed to have (1) negotiated on behalf of Facility Defendants with PharMerica; (2) communicated on behalf of Facility Defendants collectively with PharMerica, utilizing the same individual as their primary contact with PharMerica;[4] (3) controlled the review and payment of PharMerica's invoices sent by PharMerica to Facility Defendants; (4) authorized payment for the few PharMerica invoices that were partially paid for by Facility Defendants; and (5) otherwise controlled and managed Facility Defendants.

---

[2] Each Facility Defendant's Medicare cost report identifies MAPA Operating, LLC as having operational/managerial control over each respective Facility Defendant for the reporting period May 30, 2017, through June 30, 2018.  Medicaid cost reports for the reporting period July 1, 2017, through June 30, 2018, for Cliveden, Maplewood, Tucker House, and York also identify MAPA Operating, LLC as having operational/managerial control over those four Facility Defendants.  Medicaid cost reports for the reporting period July 1, 2017, through June 30, 2018, for Care Pavilion, Milton, Parkhouse, and Watsontown are unavailable as of this Complaint's filing.

[3] Each Facility Defendant's Medicare profile identifies MAPA Management Company, LLC as having operational/managerial control over each respective Facility Defendant since May 30, 2017.

[4] In email correspondence between the parties, representatives for MIMA Healthcare LLC communicated on behalf of Facility Defendants globally with PharMerica.  Further, MIMA Healthcare's website (www.mimahealth.com) lists each of the eight Facilities as MIMA Healthcare nursing and rehabilitation centers.

*Failure to Pay PharMerica*

25.     By April 2019, there were significant past due amounts owed by Facility Defendants to PharMerica under the agreements.

26.     On April 11, 2019, PharMerica issued Facility Defendants notices of default under the agreements due to Facility Defendants' failure to pay certain past due invoices. PharMerica gave Facility Defendants five days, or until April 16, 2019, to cure the same.

27.     Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Facility Defendants have failed and refused to pay for pharmacy-related goods and services provided by PharMerica as set out in the invoices submitted by PharMerica to Facility Defendants.

28.     The reasonable value of the pharmacy-related goods and services provided by PharMerica for which PharMerica has not received payment from Facility Defendants is $1,394,123.91, exclusive of interest, late fees, attorneys' fees, and costs.

29.     Upon information and belief, Facility Defendants have been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica, and Facility Defendants have directly or indirectly benefited from such reimbursement to the detriment of PharMerica.

30.     Upon information and belief, Facility Defendants have reported PharMerica's invoice charges as valid expenses to the Internal Revenue Service for the purpose of reducing the amount of adjusted gross income on which Facility Defendants must pay taxes.  As a result, Facility Defendants and/or Facility Defendants' principals have paid or will have to pay lower taxes than they otherwise would have had to pay.

31.     Upon information and belief, Facility Defendants have reported PharMerica's invoice charges as valid expenses to Medicare on Facility Defendants' annual cost reports.

32.     Without justification or cause, and for their own benefit, Management Defendants used their management and control over Facility Defendants to direct or cause them not to pay PharMerica in violation of the terms of the agreements.

### COUNT I – BREACH CONTRACT
### (FACILITY DEFENDANTS)

33.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth above.

34.     Facility Defendants and PharMerica entered into agreements, under which Facility Defendants are obligated to pay for the pharmacy-related goods and services provided by PharMerica.

35.     The agreements are valid and enforceable contracts.

36.     PharMerica performed all conditions, covenants, and promises on its part to be performed under the agreements and otherwise agreed upon by the parties.

37.     Without legal justification or excuse, Facility Defendants materially breached the agreements by failing to pay invoices as they became due.

38.     As a direct and proximate result of Facility Defendants' breach of the agreements, PharMerica has suffered damages in that it has not been paid for pharmacy-related goods and services it provided.

39.     Interest is accruing on the unpaid amounts as provided by law.

### COUNT II – BREACH OF IMPLIED CONTRACT
### (FACILITY DEFENDANTS)

40.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference the allegations set forth above.

41.     Facility Defendants and PharMerica entered into valid and enforceable implied contracts for the purchase and delivery of pharmacy-related goods and services.

42.     PharMerica performed all of its obligations under the parties' implied contracts, including by conferring a benefit on Facility Defendants by delivering pharmacy-related goods and services to Facility Defendants pursuant to Facility Defendants' orders, which Facility Defendants received and accepted.

43.     Without legal justification or excuse, Facility Defendants materially breached the implied contracts by failing to pay sums due and owing to PharMerica for the pharmacy-related goods and services provided.

44.     As a direct and proximate result of Facility Defendants' breach of the implied contracts, PharMerica has suffered damages in that it has not been paid for pharmacy-related goods and services it provided.

45.     Interest is accruing on the unpaid amounts as provided by law.

## COUNT III – PROMISSORY ESTOPPEL
### (ALL DEFENDANTS)

46.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference the allegations set forth above.

47.     Defendants promised to pay PharMerica for the pharmacy-related goods and services that PharMerica promised to provide.

48.     PharMerica reasonably relied on Defendants' promise to pay when it delivered pharmacy-related goods and services.

49.     Later, Defendants represented to PharMerica that they would pay outstanding invoices for the pharmacy-related goods and services already provided by PharMerica.

50.     PharMerica reasonably relied upon these representations of payment when it continued to provide pharmacy-related goods and services to Defendants for their residents.

51.     PharMerica was injured by its reliance on Defendants' promises in that PharMerica has not been paid for the goods and services it provided.

52.     Injustice can be avoided only by the enforcement of Defendants' representations and promises.

53.     PharMerica is entitled to recover damages from Defendants in an amount to be proven at trial.

## COUNT IV – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST
## (ALL DEFENDANTS)

54.     Except to the extent inconsistent with the relief requested in the Count, PharMerica incorporates by reference the allegations set forth above.

55.     PharMerica conferred a benefit on Defendants by providing them with valuable pharmacy-related goods and services.

56.     Defendants have not paid PharMerica for those pharmacy-related goods and services.

57.     PharMerica's pharmacy-related goods and services were provided under circumstances pursuant to which Defendants knew, or reasonably should have known that PharMerica would expect to be compensated.

58.     Defendants wrongfully and intentionally withheld payment due to PharMerica for the pharmacy-related goods and services PharMerica provided.

59.     Consequently, Defendants have been unjustly enriched through receipt of such goods and services at the expense of PharMerica.

60.     Furthermore, Defendants have knowingly and willfully received, or will receive, reimbursement by Medicare, directly or indirectly, for goods and services provided by

PharMerica, and have wrongfully and intentionally withheld or will withhold such amounts from PharMerica.

61.     Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursement from Medicare to PharMerica if they have not timely paid invoices as required by the agreements.

62.     It is against equity and good conscience to permit Defendants to retain the Medicare reimbursements without paying for pharmacy-related goods and services provided by PharMerica for which reimbursements were made.

63.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for goods and services provided by PharMerica, plus interest, costs, and attorneys' fees.

64.     PharMerica is entitled to recover damages from Defendants in an amount to be proven at trial.

### COUNT V – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS (MANAGEMENT DEFENDANTS)

65.     Except to the extent inconsistent with the relief request in this Count, PharMerica incorporates by reference the allegations set forth above.

66.     PharMerica and Facility Defendants had valid and enforceable contracts or implied contracts, wherein PharMerica agreed to provide pharmacy-related goods and services to Facility Defendants for their residents, and Facility Defendants agreed to pay PharMerica in accordance with the terms of the agreements.

67.     At all times relevant, Management Defendants were aware of the agreements and the obligations of Facility Defendants pursuant to said agreements.

12

68.    At all times relevant, Management Defendants had control and management over Facility Defendants.

69.    Without justification or excuse, and for its own benefit, Management Defendants intentionally caused Facility Defendants to breach the agreements by causing or directing Facility Defendants to not pay PharMerica, which was in violation of the agreements.

70.    Management Defendants, by causing Facility Defendants not to pay PharMerica, acted purposefully and specifically intended to harm the existing contractual relationships between PharMerica and Facility Defendants.

71.    As a result of Management Defendants' intentional interference with the agreements, PharMerica has suffered damages, including, but not limited to, the amounts due and owing under the agreements, interest, attorneys' fees and costs.

72.    PharMerica is entitled to recover damages from Management Defendants in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, PharMerica requests judgment against Defendants as follows:

A.    An award of damages in an amount to be proven at trial;

B.    Prejudgment and post-judgment interest as permitted by law;

C.    The imposition of a constructive trust on sums received by Defendants as Medicare reimbursement for pharmacy-related products and services provided by PharMerica and not paid for by Defendants;

D.    PharMerica's attorneys' fees, expenses and costs associated with its collection of amounts owed to it by Defendants; and

E.    All other relief to which PharMerica may be entitled.

Dated:  June 4, 2019                              Respectfully submitted,


_____
Daniel C. Fleming
PA Bar ID: 80126
WONG FLEMING, P.C.
1500 Market Street, 12 Floor, East Tower #1053
Philadelphia, PA 19102
Tel: (215) 546-2776
dfleming@wongfleming.com

-and-

Benjamin C. Fultz (*pro hac vice* admission to be
sought)
Jennifer Metzger Stinnett (*pro hac vice* admission
to be sought)
FULTZ MADDOX DICKENS PLC
101 South Fifth St., 27th Floor
Louisville, KY 40202
Telephone:  (502) 588-2000
Facsimile:   (502) 588-2020
bfultz@fmdlegal.com
jstinnett@fmdlegal.com

*Counsel for Plaintiff*

14