UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILLENNIUM PHARMACY SYSTEMS, LLC, *Plaintiff* | : : : : | CIVIL ACTION |
| v. | : : | |
| MAPA OPERATING, LLC et al., *Defendants* | : : : | NO. 19-2428 |

## MEMORANDUM

PRATTER, J.                                                                                                                DECEMBER 30, 2019

On October 7, 2019, the Court granted the motion for default judgment against all defendants filed by Plaintiff Millennium Pharmacy Systems, LLC f/k/a Millennium Pharmacy Systems, Inc. d/b/a PharMerica ("PharMerica"). PharMerica now moves the Court to appoint a private process server to serve writs of execution and make return of service. For the reasons below, the motion is denied.

### DISCUSSION

Under Federal Rule of Civil Procedure 4(c)(3), "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3) (emphasis added). PharMerica asks the Court to use this discretionary power to appoint a private process server in this case. *See generally* Mem. in Supp. of Mot. for Appointment of Private Process Server (Doc. No. 16-1). PharMerica explains that after sending praecipes for writ of execution to the Clerk of Court on November 15, 2019, communications with the Office of the U.S. Marshal indicated that service would be unlikely to occur prior to January 2020. *Id.* at 2. PharMerica is concerned that such a delay in service may prevent it from collecting on its default judgment because "PharMerica has reason to believe that Defendants will cause the dissipation of assets." *Id.* PharMerica thus requests that the Court

1

appoint a private process server—specifically, DGR Legal—to effectuate service and avoid such a dissipation of assets. *Id.* at 2–3; Proposed Order (Doc. No. 16-2).

However, PharMerica is already entitled to have DGR Legal effectuate service without the Court specially appointing it as a private process server. Under Federal Rule of Civil Procedure 4(c)(2), "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." FED. R. CIV. P. 4(c)(2). It is not apparent that PharMerica requires any authority from the Court that is not already provided to it by the Federal Rules:

> Rule 4(c)(3) permits service by a person whom the district court has specially appointed rather than by a marshal or deputy marshal. It should be noted that just as the 1983 and 1993 revisions of Rule 4 have curtailed severely those instances in which service by someone from the Marshals Service is required, so too have these amendments reduced greatly the necessity of making special appointments to serve process. This is primarily because under present practice service may be made by a private process server, who may be anyone who is not a party and is at least eighteen years old. *A court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal. Thus, a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court order.* Stated differently, a court appointment will be appropriate only when a particular person is needed or that person needs to be given an authority that is not available to the ordinary private process server.

4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1091 (4th ed. 2019) (emphasis added) (citations and quotations omitted); *see also Allstate Ins. Co. v. Weir*, 531 F. Supp. 2d 674, 679 (E.D.N.C. 2008) ("[A]ny motion for appointment of a special process server should indicate why that authority is necessary to accomplish service of process.") (citation omitted).

Here, DGR Legal may serve process under Federal Rule of Civil Procedure 4(c)(2) without an order from the Court. If, however, PharMerica "feels that special court authority is needed, it must describe the reasons supporting its motion with particularity." *Weir*, 531 F. Supp. 2d at 679.

2

## CONCLUSION

For the foregoing reasons, PharMerica's motion for appointment of a private process server is denied without prejudice. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE